**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 00-8093-CIV-DIMITROULEAS/JOHNSON**

KELIE MATHEWS, f/k/a
KELIE BRODZINSKI,

    Plaintiff,

vs.

THE PROFESSIONAL GOLFERS'
ASSOCIATION OF AMERICA,

    Defendant.
_____/

FILED by O.C.
SEP 17 2001
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CONCLUSIONS OF LAW

**THIS CAUSE** came on for trial before a jury, Chief United States Magistrate Judge Linnea R. Johnson presiding by consent of the parties under 28 U.S.C. §636(c), on Plaintiff's claim for overtime compensation pursuant to the provisions of the Fair Labor Standard's Act, 29 U.S.C. §201 *et seq.* The factual issues having been tried and the jury having rendered its unanimous Special Verdict in favor of the Defendant the Professional Golfers' Association of America ("PGA"), filed September 14, 2001, the Court hereby issues the within Conclusions of Law on the sole issue of whether Plaintiff was an exempt administrative employee under FLSA.

1

## BACKGROUND

This is an action by Plaintiff for overtime compensation pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"). The basis for the suit is Plaintiff's claim that she was entitled to receive overtime compensation after April 1, 1998 when the PGA changed her from an hourly wage earner to a salaried employee. The Defendant asserts that Plaintiff was promoted to a salaried administrative position as of April 1, 1998, and that Plaintiff was an exempt employee not entitled to overtime compensation, pursuant to the applicable regulations. The parties agree that from the time after April 1, 1998, through the conclusion of Plaintiff's employment in August, 1999, Plaintiff did work more than forty hours per week. The only issue to be tried is whether Plaintiff was an exempt administrative employee under FLSA. Should the Court find Plaintiff not to be exempt, the parties have stipulated to the amount of overtime wages Plaintiff would be owed.

At the conclusion of the trial the jury was provided a special verdict form in which they were asked to decide the following two factual issues: (1) whether Plaintiff's primary duty consisted of the performance of office or non-manual work directly related to management policies or general business operations of the company or the company's customers; and (2) whether Plaintiff's primary duty included work requiring the exercise of discretion and independent judgment. The

2

jury answered "yes" to both questions.

## STIPULATED FACTS[1]

1. Plaintiff was hired September 23, 1997, as a secretary in the PGA's Golf Exposition Department as an hourly, non-exempt employee at $11.06 per hour, the equivalent of $23,000 per year. In that position, Plaintiff received overtime pay when she worked in excess of forty hours per week.

2. Plaintiff was notified of her promotion to the position of Administrator in the Golf Exposition Department on March 9, 1998. Plaintiff remained an hourly, non-exempt employee, receiving overtime pay until April 1, 1998, when her promotion became effective.

3. On April 1, 1998, Plaintiff became a salaried employee earning $28,000.00 per year.

4. After April 1, 1998, Plaintiff no longer received overtime compensation for her hours worked in excess of forty.

5. On July 1, 1998, Plaintiff received a salary increase to $29,680.00 a year.

6. While Plaintiff was employed in the Expo Department, her direct supervisor was Cindy Clemmer, the Director of Expo Services. Cindy Clemmer's testimony was offered at trial by way of deposition because she now lives in Virginia and was

---

[1] The foregoing stipulated facts come directly from the Joint Pretrial Stipulation filed by the parties on August 6, 2001.

3

unavailable.

7. Effective September 9, 1998, Plaintiff was transferred to the newly created position titled Administrator of Merchandising and Marketing.

8. While Plaintiff was employed in the Merchandising Department, her direct supervisor was Susan Hickman, Director of Event Merchandising.

9. On July 1, 1998, Plaintiff received a salary increase to $30,780.00 a year.

10. Plaintiff continued to be paid at the salary of $30,780.00 until August 27, 1999, when she resigned from the PGA.

11. The PGA maintains accurate time records of the hours worked by Plaintiff.

12. The time records reflect that Plaintiff worked 403.75 hours of overtime from April 1, 1998, through her resignation in August, 1999.

13. Plaintiff was not paid any overtime compensation by PGA on or after April 1, 1998.

14. The parties have stipulated that if the PGA does not prevail on their defense that Plaintiff is an exempt administrative employee, the overtime wages owed to Plaintiff total $5,932.70.

## CONCLUSIONS OF LAW

1. The Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, requires that "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at

4

the rate of at least one and one-half times the employee's regular rate." 29 U.S.C. §203(e)(1). The statute exempts certain employees from its overtime protections, including "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. §213(a)(1). The Secretary of Labor has promulgated extensive regulations defining the types of employees who fall within these exemption categories. The exemption at issue here is known as the "administrative employee" exemption.

2. To receive the benefit of the administrative employee exemption, the Defendant must prove by a preponderance of the evidence that the Plaintiff's primary duty consisted of the performance of office or non-manual work directly related to management policies or general business operations of the Defendant or the Defendant's customers; and the Plaintiff's work required the exercise of discretion and independent judgment. 29 C.F.R. §541.2(e)(2). See also Dybach v. State of Florida Dept. of Corrections, 942 F.2d 1562, 1566 (11th Cir. 1991).

3. The phrase "directly related to management policies or general business operations of his employer or his employer's customers" describes those types of activities relating to the administrative operations of a business as distinguished from "production" or, in a retail or service establishment, "sales" work. 29 U.S.C. §541.205(a). The administrative operations of the business include the work performed by so-called white-color employees engaged in "servicing" a business as,

5

for example, advising the management, planning, negotiating, representing the company, purchasing, promoting sales, and business research and control. 29 U.S.C. §541.205(b). Employees whose work is "directly related" to management policies or to general business operations include those whose work affects policy or whose responsibility it is to execute or carry it out. 29 C.F.R. §541.205(c).

4. Disputes regarding the nature of an employees' duties are questions of fact, but the ultimate question of whether an employee is exempt under the FLSA is an issue of law. Jarrett v. ERC Properties, Inc., 211 F.3d 1078, 1081 (8th Cir. 2000)(citing Icicle Seafoods, Inc. v. Worthington, 475 U.S. 709 (1986)).

5. The testimony of the Defendant's witnesses, together with the testimony of the Plaintiff herself and the factual conclusions reached by the jury as reflected in the special verdict, conclusively establish that the Plaintiff was an exempt administrative employee who performed office work directly related to the operation of the Defendant's business, and who exercised discretion and independent judgment in the performance of her job.

6. A significant part of Plaintiff's duties included her role as conduit of information between the Defendant and the vendors. In this role she: ensured that the vendors had the information necessary to meet their contract requirements; managed and tracked all information relating to orders placed with vendors; coordinated and supervised the shipment of product to the warehouse in preparation

6

for events; and, assisted the vendors with meeting schedules and other requirements for events. As such, Plaintiff's work was predominantly intellectual in nature and involved little, if any manual labor or mechanical work. At least one court has found that where, as here, plaintiff's work was predominantly intellectual in nature, involving little manual labor or mechanical work, the administrative employee exemption applies. Cowart v. Shipbuilding, Inc., 213 F.3d 261 (5th Cir. 2000)(finding plaintiffs qualified as exempt administrative assistants where the plaintiffs' work was predominantly intellectual in nature and involved little, if any, manual labor or mechanical work).

7. When a plaintiff is the primary contact with the employers' customers, the federal courts usually find that the exemption applies. See, e.g., Reich v. John Alden Life Insurance Co., 126 F.3d 1 (1st Cir. 1997). In Reich, the plaintiff was a marketing representative, whose job it was to cultivate an independent agent sales force to market Defendant's insurance products. The marketing representatives maintained constant contact with agents, and acted as "conduit between the agent and the prospective purchaser, on the one hand, and Defendant's underwriting department on the other." Id. at 6. The court found that work of this nature is directly related to operations, and at the heart of the employer's success. Id. at 12.

8. Like the Plaintiffs' work in Reich, the Plaintiff's work in this case was directly related to operations, and at the heart of Defendant's success. The

7

evidence has shown and the jury has found that Plaintiff was responsible for the management of sales information from vendors, and that she processed that information and tracked vendors' sales. She was responsible for contacting the vendors and collecting their sales reports. She was required to audit that information for the Defendant, to match the vendors' inventory and royalty reports with the Defendant's records. If she discovered any discrepancies during her audit, it was her job to contact the vendors and resolve or reconcile the discrepancies. She provided the Director of her department with updates, and forwarded sales information to the Director's supervisor. The information was then forwarded to senior management, who relied on it to make decisions about the various programs. Plaintiff also provided status reports on sales and revenue. Clearly, Plaintiff was the primary contact with the Defendant's customers.

9. The exercise of discretion and independent judgment involves the comparison and evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered. 29 C.F.R. §541.207(a). The term "discretion and independent judgment" as used in the regulations does not necessarily imply that the decisions made by the employee must have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. Spinden v. GS

8

Roofing Products Co., Inc., 94 F.3d 421, 429 (8th Cir. 1996). The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment within the meaning of the regulations. Piscione v. Ernst & Young, L.L.P., 171 F.3d 527 (7th Cir. 1999).

10. The evidence has conclusively established that Plaintiff was only generally supervised. She was expected to work on her own, and report when necessary to the Director of her department. She ran and managed her own programs. She was the Defendant's representative with respect to the vendors and their primary contact with the Defendant. She also had responsibility for on-site merchandising and for producing the On-Site Vendor Guide for both the PGA Championship and the Ryder Cup.

11. The Court finds the Defendant has proved by a preponderance of the evidence that Plaintiff's primary duty consisted of the performance of office or non-manual work directly related to management policies or general business operations of the Defendant or the Defendant's customers; and the Plaintiff's work required the exercise of discretion and independent judgment. 29 C.F.R. §541.2(e)(2). See also Dybach v. State of Florida Dept. of Corrections, 942 F.2d 1562, 1566 (11th Cir. 1991). Accordingly, the Court hereby concludes as a matter of law that Plaintiff Kelie Mathews is an exempt administrative employee not entitled to overtime

compensation, pursuant to the applicable regulations.

**DONE AND ORDERED** this 14th day of September, 2001 in Chambers, at

West Palm Beach, Florida.

LINNEA R. JOHNSON
CHIEF UNITED STATES MAGISTRATE JUDGE

CC: The Honorable William P. Dimitrouleas
 Greg I. Shavitz, Esq.
 Lisa Rogers, Esq.